ALBERT BAHR, APPELLEE, V. CARL MANKE, APPELLANT.

FILED NOVEMBER 22, 1906. No. 14,517.

Contract: BREACH: DAMAGES. To entitle one to recover in an action in damages for the breach of a contract, he must show that the wrong done and the injury sustained bear toward each other the relation of cause and effect. The damages which one has sustained to entitle him to recover must be the natural and proximate consequence of the wrongful act complained of.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed.*

*Billingsley & Greene* and *Berge, Morning & Ledwith,* for appellant.

*George A. Adams, contra.*

EPPERSON, C.

The parties hereto are brothers-in-law. That part of their differences out of which this litigation grew may

be stated as follows: In 1894, plaintiff purchased 160 acres of land, paying therefor in cash $1,400 and assuming a mortgage held by one Hartwick for $1,800 due August 3, 1897. At the time of the purchase plaintiff gave defendant a mortgage on the land purporting to secure a loan of $2,400 due March 1, 1899. Plaintiff alleges that the consideration for this note was an advance to him by defendant of $600 as a loan and the promise of defendant to pay the Hartwick mortgage of $1,800. Defendant contends that he advanced to plaintiff the full sum of $2,400. These facts were in issue and determined in a foreclosure suit instituted by Hartwick against the parties hereto in Seward county. In that action defendant herein by cross-petition sought to recover the full amount of his $2,400 mortgage. The matter was adjudged against him, and he was permitted to recover only the $600 and interest. The foreclosure suit was instituted in 1899. The decree of foreclosure was entered in January, 1900, and the land ordered sold to satisfy $2,126 due Hartwick and $647 due defendant. Plaintiff herein stayed an order of sale one year. April 16, 1901, the land was sold under the decree to the defendant herein for $2,805. From an order confirming the sale plaintiff herein appealed to this court, where the order of confirmation was affirmed, and a mandate issued March 4, 1903. See *Hartwick v. Woods*, 4 Neb. (Unof.) 103.

Plaintiff brings this action to recover damages, alleging that the conduct of defendant in failing to pay the Hartwick mortgage and attempting to collect the full amount of his own mortgage was wrongful, and that he was damaged because such conduct prevented him from borrowing money with which to redeem from the lawful incumbrance. In the court below plaintiff recovered judgment for $1,987.37, and the defendant appeals.

There is no contention by plaintiff that defendant contemplated fraud at the inception of the agreement. When the $2,400 mortgage was given to defendant, $1,800, which was intended to redeem from the Hartwick mortgage, was

left with one Hagensick, who never used it for the purpose intended, nor did he repay it. Each party contends that Hagensick was the agent of the other. This question we consider was finally determined adversely to defendant herein in the foreclosure case above referred to. There is no evidence showing an obligation of defendant to pay the principal of the Hartwick mortgage before its maturity. It must therefore be considered that the defendant herein, upon the maturity of the Hartwick mortgage, broke his contract with plaintiff, and wrongfully maintained from that time until the decree of foreclosure was rendered that he held a mortgage for $2,400 instead of one for $600. This is the extent of the defendant's wrong. It will be observed that the foreclosure suit was not instituted until after the maturity of the defendant's mortgage. Plaintiff knew as early as February, 1898, that defendant had not paid the Hartwick mortgage and of his intentions not to do so. He then attempted to borrow money with which to pay all the incumbrances, and testifies that Hartwick promised to let him have the money, but changed his mind upon hearing that defendant claimed to have a mortgage for $2,400. Plaintiff at that time had a remedy which would have afforded speedy relief. He should have instituted an action to clear the title of his land from the cloud of the $2,400 mortgage, or an action to require the defendant to pay the Hartwick mortgage. Thereby the interests of the parties would have been established, and the amount of his liability fixed, and the title would have been such that a loan could have been procured. No greater relief, however, could have been granted in such action than was granted later in the foreclosure suit. In either event the courts were open to him. He awaited the institution of the foreclosure suit to have the matter adjusted. Had the defendant herein paid the Hartwick mortgage, as he agreed, he would have been entitled to foreclose his mortgage for the full amount, and on the date of the decree plaintiff would have owed no less than under the existing circumstances he owed on both mort-

gages. There is no evidence that plaintiff had no money with which he could have paid his indebtedness. There was standing against his land an incumbrance of $2,400, which he admitted owing, with interest. He has never been required to pay a greater sum.

Plaintiff testified that during the pendency of the foreclosure suit he attempted to borrow the amount necessary to redeem. Even were we to presume that the plaintiff did all in his power after the decree of foreclosure to procure funds to redeem by mortgaging his land, and that he failed on account of the security being insufficient, the fact still would remain that the amount of the decree was a legitimate indebtedness which would have existed had the defendant never broken his contract. It is elementary that the wrong done and the injury sustained must bear toward each other the relation of cause and effect. The damages which one has sustained to entitle him to recover must be the natural and proximate consequence of the wrongful act complained of. *Fitzgerald v. Fitzgerald Construction Co.*, 44 Neb. 463; *Sycamore Marsh Harvester Mfg. Co. v. Sturm,* 13 Neb. 210. After the decree of foreclosure, and before sale, it was plaintiff's privilege to exhaust his resources in attempting to redeem. Courts will consider that money is always in the market and may be had upon real estate security at a reasonable rate of interest. It is apparent in this case that the loss of plaintiff's farm by foreclosure was but the sequence of his failure to pay his legal obligation, and not the result of defendant's wrongful conduct.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.