ALBERT BAHR, APPELLANT, V. CARL MANKE, APPELLEE.

FILED MAY 5, 1910. No. 16,024.

1. **Pleading:** DAMAGES. The pleader in an action to recover unliquidated damages must state in his petition facts sufficient to warrant the conclusion that the defendant's alleged wrongful acts were the proximate cause of the damages demanded.

2. ————: ————. And this rule applies whether the action is upon contract or sounds in tort.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*George A. Adams,* for appellant.

*Greene & Greene* and *Berge, Morning & Ledwith, contra.*

ROOT, J.

This is the second appearance of this case in this court. The issues joined by the original pleadings are accurately described in the opinion written on the former appeal, and reported in 77 Neb. 552. We shall not restate the issues, but refer the reader to that opinion. After the cause was remanded the plaintiff filed an amended petition, wherein he charged in substance that the defendant at the time he entered into the contract pleaded in the petition did not intend to perform his obligation, but designed to involve the plaintiff in financial ruin, and to cheat and defraud him out of his farm; that

in pursuance of said scheme the defendant fraudulently and corruptly committed the acts alleged in the original petition; that by reason of the premises the plaintiff was unable to borrow money to pay the legitimate incumbrance upon his farm or to redeem it from sheriff's sale, and the defendant purchased it for about one-half of its actual value, to the plaintiff's damage, etc. Upon the defendant's motion the court struck from the amended petition all allegations of fraud, thereafter sustained a general demurrer to said pleading and dismissed the action. Plaintiff appeals.

The plaintiff argues that the statement in our former opinion, "There is no contention by plaintiff that defendant contemplated fraud at the inception of the agreement", justifies him in assuming that, if such an allegation had appeared in the original petition, the judgment would not have been reversed. No such an inference should be drawn from the opinion. The principle of law controlling the reversal is correctly stated in the syllabus, and properly applied in the opinion to the facts and pleadings in the case. The only item of damages referred to in either petition pertains exclusively to the alleged difference between the market value of the plaintiff's farm and the price paid therefor by the defendant at sheriff's sale. The proximate cause of the sheriff's sale was the plaintiff's failure to pay his lawful debts. The defendant's conduct in asserting a lien in excess of the amount due him and his failure to satisfy the Hartwick mortgage did not increase that indebtedness; nor, after the amount actually due the defendant had been ascertained in the foreclosure proceedings, did the defendant's antecedent wrongful acts prevent the plaintiff borrowing money to liquidate the lawful liens against his farm, nor from selling his equity of redemption if it had a market value. The rule of law announced in the former opinion applies to actions sounding in tort, as well as to those upon contract. *Fiala v. Ainsworth*, 63 Neb. 1; *Karbach v. Fogel*, 63 Neb. 601. The amendments to the petition did

not authorize the court to render judgment in the plaintiff's favor upon the sole item of damages therein referred to, and for that reason the court committed no error in sustaining the motion and the demurrer.

The judgment of the district court, therefore, is

AFFIRMED.